**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ATC HEALTHCARE SERVICES, INC.**                               **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:05CV483HTW/JCS**

**HELEN PAGE and BCN/ATC AT ALLCARE, INC.
f/k/a BELLCHASE NURSING SERVICES INC.**                **DEFENDANTS**

**ORDER GRANTING PERMANENT INJUNCTION AND
HOLDING DEFENDANTS IN CONTEMPT OF COURT**

THIS CAUSE came on for hearing on the Motion for Conference Regarding the Conversion of the Preliminary Injunction into a Permanent Injunction and the Motion to Require Defendants to Show Cause Why They Should Not Be Held in Contempt filed by the Plaintiff, ATC Healthcare Services, Inc., in this matter. The Defendants, Helen Page, also known as Helen Neal and H.L. Neal, and BCN/ATC at Allcare, Inc., f/k/a Bellchase Nursing Services, Inc., were duly served and notified of both motions, but failed, in violation of the Federal Rules of Civil Procedure and the Local Rules of this Court, to file a response to either motion. The Defendants were also duly and properly advised of the hearing on said motions, but failed to appear at the hearing or provide the Court with advance notice that, or any reason why, they would not appear at the hearing. The Court, thus, proceeded with the hearing during which counsel for Plaintiff detailed the proof supporting the motions and persuaded the Court that both of the motions should be granted in their entirety. As such, the Court, being fully advised in the premises, finds that Plaintiff ATC's Motion for Conference Regarding the Conversion of the Preliminary Injunction into a Permanent Injunction and Motion to Require Defendants to Show Cause Why They Should Not Be Held in Contempt are well-taken and should be, and hereby are, granted.

Specifically, the Court finds that on or about August 4, 2005, Plaintiff ATC filed its Complaint for temporary restraining order, preliminary and permanent injunction and damages against the Defendants. Hearings were, thereafter, held on August 10, 2005, and August 23, 2005, on Plaintiff ATC's motion for temporary restraining order and Plaintiff ATC's motion for preliminary injunction, respectively. Defendants appeared at both of those hearings and presented argument and evidence. Both Plaintiff ATC's motion for temporary restraining order and Plaintiff ATC's motion for preliminary injunction were granted subsequent to the hearing.

At the close of the hearing held on Plaintiff ATC's Motion for Preliminary Injunction (which lasted approximately four days and at which all parties, Plaintiff and Defendants, presented evidentiary proof in the form of documentary and testimonial evidence), the Court inquired of the parties what, if any, additional evidence may be presented at the trial of this matter. Neither party could identify, at that point in time, what additional evidence would be presented. As such, the Court suggested that the preliminary injunction be converted to a permanent injunction to avoid the time and expense of a trial which would simply rehash that which had already been put into evidence. Defendant Page there advised the Court and Plaintiff ATC's counsel that she was not interested in continuing her use of Plaintiff ATC's trademarks and service marks and that she wanted to put an end to this lawsuit. Said statements were taken, and hereby are taken, to be the Defendants' express consent to the conversion of the preliminary injunction previously entered by this Court into the permanent injunction issued by this Court through this Order. Even if the Defendants did not expressly consent to the conversion of the preliminary injunction into a permanent injunction, based on the evidence presented at the preliminary injunction hearing and the Defendants' representations to the Court at the preliminary injunction hearing, as well as the evidence presented by Defendants at the September 6, 2006, hearing, the Court finds that a permanent injunction granting the same

relief as that granted by the preliminary injunction previously entered by this Court, but on a permanent basis, is proper and should be granted.

More specifically, the Court has been persuaded that should it refuse to grant Plaintiff ATC's motion for permanent injunction, the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., will continue to use Plaintiff ATC's marks and that such use will cause Plaintiff ATC to suffer additional losses and damages, including irreparable harm that cannot be readily measured or compensated with money damages. As such, the Court finds that a simple award of damages is not, and will not be, an adequate remedy.

The Court has further determined that it is not beneficial to the public welfare or economy that Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., should continue without the Court's interference, as Defendants' financial loss, if enjoined, would not so greatly exceed the potential damages for future injury to Plaintiff ATC that a permanent injunction should be withheld. There is no policy or justifiable reason why a permanent injunction should not be issued enjoining Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., from taking any action specified below. The equities, thus, favor the granting of injunctive relief. The Court, therefore, finds that the preliminary injunction previously entered by the Court should be, and hereby is, converted into a permanent injunction, as set forth more fully herein below. The Defendants are ordered to abide by and follow the dictates of this Order and to take all affirmative actions required by this Order within the time frame set forth at the end of this Order.

With regard to Plaintiff ATC's motion to require Defendants to show cause why she/it should not be held in contempt, that motion is, likewise, granted. Specifically, the Court entered its Order granting Plaintiff ATC's motion for preliminary injunction on August 29, 2005. Through its Order,

the Court ordered the Defendants to refrain from:

>    a.   Stating, representing, informing or identifying themselves to any person or entity as being, or having any affiliation with Plaintiff ATC or any franchise of Plaintiff ATC;
>
>    b.   Using, conducting business under, or identifying themselves through use of Plaintiff ATC's trademarks and service marks, including specifically the "ATC," "Around the Clock" and "Allcare" trademarks and service marks; and
>
>    c.   Using any written materials, including, but not limited to, business cards, brochures, applications and/or letterhead, that displays the "ATC," "Around the Clock" or "Allcare" marks, or any derivation thereof, including specifically "BCN/ATC at Allcare," "ATC/Allcare" and/or "TC/Allcare."

The Court further ordered the Defendants "to return all documents provided to them by Plaintiff ATC, including copies of these documents, which display the proprietary marks of Plaintiff ATC or which contain confidential information belonging to Plaintiff ATC. Further, Helen Page, also known as Helen Neal and H.L. Neal, was ordered to turn over all documents, including the originals and any copies, which were provided to her and/or BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., by nurses while Helen Page and/or BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., was holding herself or itself out as 'ATC' or as having any affiliation with ATC." Pursuant to the Court's Order, all such documents were to be turned over to Plaintiff ATC's counsel within ten (10) days of the date of the Order, i.e., September 12, 2005.

Defendants failed to obey the Court's Order and did not turn over any of the required documents prior to September 12, 2005. On September 13, 2005, Plaintiff ATC sent Defendant Page a letter reminding her of the Court's Order and the seriousness of this matter. Plaintiff ATC demanded that all such documents be turned over to its counsel by September 21, 2005.

On September 21, 2005, in response to Plaintiff ATC's letter, Defendant Page turned over a small box of documents to Plaintiff ATC's counsel. Specifically, Defendant Page turned over:

> 1.   A box of business cards for Helen Page with the company name listed as "ATC (Around the Clock) Healthcare Services" and the company address listed as 124 Brady Avenue, Port Gibson, Mississippi, 39150;
>
> 2.   A box of business cards for Pricilla Goldsberry with the company name listed as "ATC (Around the Clock) Healthcare Services" and the company address listed as 124 Brady Avenue, Port Gibson, Mississippi, 39150;
>
> 3.   A box of business cards for Thomas Grant with the company name listed as "ATC (Around the Clock) Healthcare Services" and the company address listed as 124 Brady Avenue, Port Gibson, Mississippi, 39150;
>
> 4.   A small stack of letterhead with the company name listed as "ATC (Around the Clock) HealthCare Services" and the company address listed as 124 Brady Avenue, Port Gibson, Mississippi, 39150;
>
> 5.   A small stack of pre-printed envelopes with the company name listed as "ATC (Around the Clock) HealthCare Services" and the company address listed as 124 Brady Avenue, Port Gibson, Mississippi, 39150;
>
> 6.   A small stack of pre-printed FedEx Billable Stamps addressed to "ATC Healthcare Services, Inc. Corporate Office" at 1983 Marcus Ave. Ste. E122, Lake Success, New York, 11042;
>
> 7.   A single business card for Helen Page with the company name listed as "ATC @ Allcare (Always Total Care) HealthCare Services" and the company address listed as 5965 Hwy. 18, Suite 207, Jackson Mississippi, 39209;
>
> 8.   A single business card for Dianne Giles with the company name listed as "ATC @ Allcare (Always Total Care) HealthCare Services" and the company address listed as 5965 Hwy. 18, Suite 207, Jackson Mississippi, 39209;
>
> 9.   Several pages of staffing sheets with the "ATC" trademark in the top left corner;

  10. A single time slip form with the company name listed as "ATC (Around the Clock) Healthcare Services;"

  11. A single brochure (pink in color) entitled "Staffing Challenges? Call on the A Team" with the company name listed as "ATC (Around the Clock) Healthcare Services;" and

  12. Two brochures (green in color) entitled "Do you have HealthCare Administrative Staffing Needs?" with the company name listed as "ATC (Around the Clock) Healthcare Services."

  Of these documents turned over to Plaintiff ATC, Defendant Page only turned over: (1) documents that had an address on them that rendered them unuseable by Defendants, i.e., they had an old address on them[1] or had Plaintiff ATC's corporate address on them (see document categories 1 through 6 above) or (2) if the documents were still usable, Defendants only turned over a single copy, or a couple of copies, of the document(s) (see document categories 7 through 12). Defendants did not turn over the Manuals provided to them by Plaintiff ATC during Defendants' term as a Franchisee (which contained confidential information belonging to Plaintiff ATC and on which Plaintiff ATC's trademarks were displayed) or the Employment Application provided by Plaintiff ATC (on which Plaintiff ATC's trademarks were displayed). Defendants, likewise, failed to turn over a single document provided to her, or her company, by nurses during the time she spent holding herself out as being, or being affiliated with, Plaintiff ATC.

  On October 3, 2005, Plaintiff ATC sent Defendant Page a second letter indicating that certain documents were required to be turned over under the Court's Order that had not yet been turned over to Plaintiff ATC. Through that letter, Plaintiff ATC demanded that all such additional documents

---

[1] At the preliminary injunction hearing, Defendant Page presented evidence that all mail received by Defendants was now received at either: (1) 5965 Highway 18, Suite 207 Jackson, Mississippi, 39209; or (2) Post Office Box 785, Port Gibson, Mississippi, 39150. No mail, according to the testimony produced by Defendants, is sent from or received at the 124 Brady Avenue, Port Gibson, Mississippi, 39150, address which is reflected on the documents turned over to Plaintiff ATC.

be turned over to Plaintiff ATC's counsel on or before October 12, 2005. Defendants did not, however, turn over the balance of documents required under the Court's Order or otherwise respond to Plaintiff ATC's October 3, 2005, letter prior to October 12, 2005. As such, Plaintiff ATC filed its motion to require the Defendants to show cause why they should not be held in contempt. Plaintiff ATC's motion was duly and properly served on Defendants and Defendants were notified of said filing by the Court. Notwithstanding the same, Defendants failed, in violation of the Federal Rules of Civil Procedure and the Local Rules of this Court, to file any response to Plaintiff ATC's motion.

Approximately one week after filing its motion to require the Defendants to show cause why they should not be held in contempt, Plaintiff ATC received its October 3, 2005, letter to Defendants returned undelivered. Plaintiff ATC's October 3, 2005, letter, as returned by the United States Postal Service, further evidences Defendants' violations of this Court's Order granting the preliminary injunction. Specifically, Plaintiff ATC's October 3, 2005, letter was addressed to "Helen Page" at "5965 Highway 18, Suite 207, Jackson, Mississippi, 39209." It was not addressed to "ATC" and did not state or refer to "ATC" anywhere on the outside of the envelope. Despite the same, the postal worker, in recording his/her attempts to deliver the letter at the listed address, noted on the envelope that he/she attempted to deliver the envelope to "ATC" on October 4, 9 and 19, 2005, at the listed address. Such is further proof that Defendants continued to operate, or at least hold themselves out to the public, at 5965 Highway 18, Suite 207, Jackson, Mississippi, 39209, as being "ATC" for at least a month and a half after this Court ordered Defendants to refrain from holding themselves out to the public as such.

Inasmuch as Defendants did not receive Plaintiff ATC's October 3, 2005, letter, Plaintiff ATC filed a supplement to its motion notifying the Court of such and asked, through that

supplement, that the Court refrain from ruling on its motion until Defendants had an additional ten (10) days (or until November 4, 2005) to comply with the Court's Order. Plaintiff ATC's supplement was duly and properly served on Defendants and Defendants were notified of said filing by the Court. The Defendants, however, again failed, in violation of the Federal Rules of Civil Procedure and the Local Rules of this Court, to file any response to Plaintiff ATC's motion and/or supplement. Defendants, likewise, failed to turn over the documents required by this Court's Order prior to the November 4, 2005, deadline.

After the November 4, 2005, deadline ran with no response from Defendants, Plaintiff ATC sent someone to determine what signage, if any, Defendants had maintained outside their business. On November 8, 2005, it was determined that Defendants were operating under the name "TC/Allcare," as evidenced by the sign on the front door of Defendant's business. Through its Order, the Court specifically enjoined Defendants from "using, conducting business under, or identifying themselves through use of Plaintiff ATC's trademarks and services marks, including specifically the . . . 'Allcare' trademarks and service marks" and from "using any written materials . . . that display the 'ATC' . . . or 'Allcare' marks, or any derivation thereof, including specifically . . . 'TC/Allcare.'" Defendants' affirmative act of removing the "A" from its door and leaving the "TC/Allcare" name on the door indicates that Defendants continued to violate the Court's Order more than two months after the Court entered its Order granting the preliminary injunction and intended to continue to violate the Court's Order thereafter.

As a result of its November 8, 2005, findings, Plaintiff ATC filed a second supplement to its motion to show cause asking the Court to require Defendants to appear and show cause why she/it should not be held in contempt. As with its motion and previous supplement, Plaintiff ATC's second supplement was duly and properly served on Defendants and Defendants were notified of

said filing by the Court. Notwithstanding the same, the Defendants again failed, in violation of the Federal Rules of Civil Procedure and the Local Rules of this Court, to file any response to Plaintiff ATC's motion and/or supplements.

After Plaintiff ATC filed its motion and supplements, Defendants continued to violate the Court's Order and, indeed, continue to violate the Court's Order. Specifically, as of the date of the hearing from which this Order issues (September 6, 2006): Defendants have still failed and refused to turn over the documents ordered by this Court to be turned over to Plaintiff ATC; Defendants have maintained their legal corporate name with the Mississippi Secretary of State's Office as "BCN/ATC at Allcare" (which was ordered to be abandoned and changed more than one year ago); Defendants have had themselves listed in the Bellsouth's business directory (the white pages; June 2006 - June 2007, edition) under the name "ATC Healthcare Services" (which was ordered abandoned and changed more than one year ago); and are advertising in The Real Yellow Pages (June 2006 - June 2007, edition) under the name "ATC at Allcare" (which was ordered abandoned and changed more than one year ago). Defendants acts, therefore, constitute a violation of this Court's August 29, 2005, Order Granting Preliminary Injunction.

IT IS, THEREFORE, ORDERED that the Defendants, Helen Page, BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, and all officers, directors, agents, employees and representatives of BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., are hereby permanently enjoined from the following:

> a. Stating, representing, informing or identifying themselves to any person or entity as being, or having any affiliation with Plaintiff ATC or any franchise of Plaintiff ATC;
>
> b. Using, conducting business under, or identifying themselves through use of Plaintiff ATC's trademarks and service marks, including specifically the "ATC," "Around the Clock" and "Allcare"

        trademarks and service marks; and

        c.     Using any written materials, including, but not limited to, business cards, brochures, applications and/or letterhead, that displays the "ATC," "Around the Clock" or "Allcare" marks, or any derivation thereof, including specifically "BCN/ATC at Allcare," "ATC/Allcare" and/or "TC/Allcare."

    IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to return all documents provided to them by Plaintiff ATC, including copies of these documents, which display the proprietary marks of Plaintiff ATC or which contain confidential information belonging to Plaintiff ATC.  Further, Helen Page, also known as Helen Neal and H.L. Neal, is to turn over all documents, including the originals and any copies, which were provided to her and/or BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., by nurses while Helen Page and/or BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., was holding herself or itself out as "ATC" or as having any affiliation with ATC.  All of these documents are to be delivered or sent to counsel for Plaintiff ATC at Wells, Marble & Hurst, PLLC, 300 Concourse Blvd., Suite 200, Ridgeland, Mississippi, 39157, or to Wells Marble & Hurst, PLLC, Post Office Box 131, Jackson, Mississippi, 39205-0131.

    IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to instruct each and every representative, employee and agent of Defendant BCN/ATC at Allcare, Inc., formerly known as  Bellchase Nursing Services, Inc., and which may now be known as TC/Allcare, ATC Healthcare Services, and/or ATC at Allcare, that they are to conform to and abide by this Order.

    IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to cancel

and instruct its phone company to disconnect the two phone numbers currently listed in the Bellsouth telephone book under the names "ATC Healthcare Services" and "ATC @ Allcare" (i.e, 601-922-6027 and 888-922-6027), and any other numbers listed under any name which includes the "ATC" mark, or any of its derivatives, or the "Allcare" mark, or any of its derivatives, and that no forwarding information be provided, given or listed which may direct one looking for any company known by the "ATC" mark, or any of its derivatives, or the "Allcare" mark, or any of its derivatives, to Defendants, Helen Page and/or BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc.

IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to file all the necessary documents with the Mississippi Secretary of States Office to change its legal name, now listed as BCN/ATC at Allcare, Inc., to a name not utilizing the "ATC" mark, or any derivative thereof, or the "Allcare" mark, or any derivative thereof, and/or to dissolve BCN/ATC at Allcare, Inc.

IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to file a copy of this Order with the Mississippi Secretary of State's Office with the corporate filings of BCN/ATC at Allcare, Inc., so as to put the public on notice that there is no relation or affiliation between the Defendants, and specifically, BCN/ATC at Allcare, Inc., and Plaintiff ATC.

IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, are to pay Plaintiff ATC's reasonable attorney's fees incurred in making its multiple attempts to and requests for Defendants to comply with this Court's Order Granting Preliminary Injunction, for drafting and

filing its Motion to Require Defendants to Show Cause Why They Should Not Be Held in Contempt, for drafting and filing the various supplements thereto, and for preparing for and attending the hearing set by the Court, and to pay Plaintiff ATC counsel's reasonable travel expenses incurred in traveling to/from the September 6, 2006, hearing, in the amount of $5,485.50.  Payment of these fees ad expenses shall be paid to Wells Marble & Hurst, PLLC, and/or delivered to counsel for Plaintiff ATC at Wells Marble & Hurst, PLLC, 300 Concourse Blvd., Suite 200, Ridgeland, Mississippi, 39157, or to Wells Marble & Hurst, PLLC, Post Office Box 131, Jackson, Mississippi, 39205-0131, and, if paid by check, shall be made payable to "Wells Marble & Hurst, PLLC."

IT IS FURTHER ORDERED that the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, shall make and take all affirmative acts required by this Order within ten (10) days of the date of this Order.

AND IT IS FURTHER ORDERED that if the Defendants, Helen Page and BCN/ATC at Allcare, Inc., formerly known as Bellchase Nursing Services Inc., individually and collectively, can provide to this Court with a proper reason, if any, why the Defendants failed to respond to Plaintiff ATC's motions and failed to show and appear for the September 6, 2006, hearing, any and all said reasons must be submitted to the Court, in writing, within ten (10) days of the date of this Order.

SO ORDERED,  this the 15th day of September, 2006.

s/ HENRY T. WINGATE
CHIEF DISTRICT COURT JUDGE


Civil Action No. 3:05-cv-483 HTW-JCS
Order Granting Permanent Injunction and
   Holding Defendants in Contempt of Court